**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HOSPITALITY FURNISHINGS AND DESIGN, INC., | ) ) ) ) | 2:25-CV-1907 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| WAYNE GRATIGNY, | ) ) ) ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Plaintiff Hospitality Furnishings and Design, Inc. (HFD) is "in the business of providing interior design, procurement, and project management services to the hospitality industry," typically for hotels.  ECF 1-3 at ¶ 4.  Defendant Wayne Gratigny "held himself out as an individual who could place orders with Bath Knot Inc., a factory located in China, that could fulfill the specific needs of HFD and its clients." *Id.* at ¶ 5 (cleaned up).

Between 2023-2024, HFD placed multiple orders with Bath Knot through Mr. Gratigny, for furnishings and other goods related to separate hotel projects through the submission of purchase orders.  *Id.* at ¶ 6.

Orders were made by purchase orders, which contained the basic terms between the parties.  Over time, HFD had numerous problems with Mr. Gratigny fulfilling orders on time or at all.  This caused HFD business losses, including consequential damages flowing from having to pay for items elsewhere to furnish their clients' hotels.  *Id.* at 99–103.

Because of these problems, HFD brought this lawsuit, alleging breach of contract of the various purchase orders, as well as several tort claims.  Mr. Gratingy has moved to dismiss all but the breach of contract claim, and also has moved to strike

certain types of damages from the complaint.  On careful review, the Court grants in part and denies in part the motion.

**Count I (breach of contract).**  This count is not substantively at issue.  Mr. Gratingy's only challenge to it is more procedural, as he argues that the count should be separated into separate counts for each of the PO's.  The complaint is clear enough, including identifying the different PO's through subheadings and attaching the PO's as exhibits, and so Court doesn't find it necessary for HFD to re-plead this as separate counts.  Fed. R. Civ. P. 10(b) (only requiring a claim based on separate transactions to be stated in separate counts "[i]f doing so would promote clarity").

**Count II (unjust enrichment).**  Mr. Gratingy argues that this claim should be dismissed because the parties' relationship is governed by contract.  That's true, but HFD expressly pleads the unjust-enrichment claim as solely "in the alternative." The Court finds that it is permissible to keep this alternative claim in the case, at least through the summary-judgment stage.  *See, e.g.*, *United States v. Kensington Hosp.*, 760 F. Supp. 1120, 1135 (E.D. Pa. 1991) (noting that courts permit alternative theories based on breach of contract and unjust enrichment to both continue past a motion to dismiss).

**Counts III (fraud) and IV (conversion).**  Mr. Gratingy argues that these claims must be dismissed under the "gist of the action" and "economic loss" doctrines. This is a trickier issue.  The Court agrees with Mr. Gratingy that aspects of the tort claims are likely barred by these doctrines; for example, allegations of fraud in updating HFD about the status of orders goes to a duty at the heart of the contracts, which is the duty to timely submit the products.  However, there are aspects of the fraud allegations that are broader that the contractual duties too, including Mr. Gratingy lying about cancelation fees and creating a phony invoice.  *See Bruno v. Erie Ins. Co.*, 630 Pa. 79, 112, 106 A.3d 48, 68 (2014) ("If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all

individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort."). So there is enough for the tort claims to survive, they are otherwise particularly pled; and Mr. Gratingy's arguments are better addressed at summary judgment.

**Count V (breach of the duty of good faith and fair dealing).** HFD concedes that this is not a standalone claim. So it is dismissed, without prejudice to HFD raising similar theories as part of Count I.

**Damages**. Mr. Gratingy's motion to strike the damages and fees relief is granted in part and denied in part. HFD may seek consequential damages as part of his contract claim, and may seek punitive damages and fees for the tort claims. *AM/PM Franchise Ass'n v. Atl. Richfield Co.*, 584 A.2d 915, 920 (1990) (noting that Pennsylvania law permits consequential damages for certain contract claims);*Broederdorf v. Bacheler*, 129 F. Supp. 3d 182, 200 (E.D. Pa. 2015) (noting that Pennsylvania law permits punitive damages for tort claims). HFD concedes that it has no basis to recover reputational damages, so that is stricken. ECF 8 at 12.

*****

In sum, the Court GRANTS in part and DENIES in part Mr. Gratingy's motion to dismiss. HFD's standalone claim at Count V is dismissed (without prejudice to being argued as part of Count I), HFD cannot recover for reputational damages, but otherwise, HFD's complaint survives. It is so ordered.

DATED this 27th day of March, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge